Argued February 15, decided March 7, 1911.

## PURDY *v.* HARRIS.

[113 Pac. 860.]

EVIDENCE—ADMISSIONS—TRANSACTIONS BY ANOTHER FOR PLAINTIFF'S BENEFIT—LETTERS.

1. The plaintiff in an action to recover fees under an employment by defendant to locate defendant on a claim was working with his brother in the matter, and the brother, who was not a party to the suit, made examination of the claim, met defendant with reference to its location, and wrote a letter to parties whom the defendants claimed to have employed, a part of which was material on the question of plaintiff's employment. *Held* that, as the plaintiff was seeking a benefit under an

arrangement made in part by his brother as his agent or as a party interested in the transaction, the letter was admissible as tending to show defendant's agreement.

COMPROMISE AND SETTLEMENT—INSTRUCTIONS—SUFFICIENCY.

2. In an action to recover fees under an executed agreement to locate the defendant on a claim, where the defendant's evidence tended to show that he had employed and settled with another party and that such settlement included plaintiff's claim, with plaintiff's consent, the court instructed that evidence of such settlement was introduced for the purpose of showing what the facts were in regard to the contract, that, if there was such settlement and plaintiff's claim was then credited by consent to plaintiff, the finding must be for the defendant and that if the defendant had a settlement with another party, but that the contract was with the plaintiff, the plaintiff would be entitled to recover notwithstanding defendant's unauthorized settlement, and that the case depended on the question of employment. *Held,* that the instructions as to plaintiff's right of recovery, taken with all the other instructions, were erroneous, since they practically took from the jury the question of payment or settlement by defendant with such other party.

COMPROMISE AND SETTLEMENT—INSTRUCTIONS—SUFFICIENCY.

3. In an action to recover for services alleged to have been performed in locating defendant on a claim where the question of settlement by defendant was in issue, and the defendant's evidence tended to show a settlement with another party employed for that service, the refusal to instruct that if such party acting under the authority of the plaintiff in securing the defendant for location, and had an agreement with defendant for the fees, that payment to such party was payment to the plaintiff, is error, since without it or its substance the question of settlement is not fully submitted to the jury.

APPEAL AND ERROR—RECORD—NECESSITY OF SETTING FORTH EVIDENCE EXCLUDED.

4. Where the record does not show what evidence the appellant intended to elicit by an excluded question, the court cannot say that its exclusion was prejudicial.

From Douglas: JAMES W. HAMILTON, Judge.

Statement by MR. JUSTICE BEAN.

This is an action to recover the sum of $300 for services alleged to have been rendered by plaintiff, J. T. Purdy, in locating defendant, F. E. Harris, upon a quarter section of timber land. Upon trial before a jury a verdict was rendered in favor of plaintiff, and from a judgment thereon defendant appeals.

The complaint alleges the performance of the services at the request of defendant, who promised and agreed to pay therefor as soon as he had filed in the United

States Land Office at Roseburg his application to purchase the land, which it is alleged has been done.

In his answer defendant denies that plaintiff performed the service, or that he ever promised to pay plaintiff therefor. He admits that he filed his application for the land, and alleges that he entered into a contract with one J. H. Van Keuren, who was to, and did, locate him upon the land described, and that he fully paid the latter for said location. Plaintiff, in his reply, denies the allegations contained in the answer.

It appears there was some correspondence between S. W. Purdy and J. H. Van Keuren, of Cataldo, Idaho, in regard to locating some friends of Van Keuren upon land in Oregon, and that in pursuance thereto, and to conversations between J. T. and S. W. Purdy and J. H. Van Keuren of the firm of Van Keuren & Highbee, the defendant, F. E. Harris, Herbert Harris, his brother, W. Hughes and O. S. Gilbert, came from Idaho to Oregon for the purpose of locating upon land, each bringing a letter to one of the Purdys from J. H. Van Keuren, requesting that the holder of the letter be located upon timber land. J. T. Purdy, the plaintiff, met these people at The Dalles, Oregon, and proceeded with them to Curry County, S. W. Purdy accompanying them during a part of the journey. Plaintiff testifies that, after arriving near the land in Curry ·County, he made an agreement with defendant, whereby the latter was to pay him for his services; that defendant said he would see him paid; that he would pay the location fee, further testifying, "he asked me to see if I could get it from Van Keuren, as he was to pay the money." To the question: "What understanding did you have with Van Keuren before these men came down?" plaintiff replied:

"Simply as a favor to Van Keuren that I would locate his friends.

"Q. Did Mr. Harris have a letter?

"A. Yes, sir.

"Q. What was contained in that letter?

"A. Mr. Harris' letter read like this: 'Locate Harris and brother, they have the money to pay their location, and we will come good for it.' He did not state whether they had it with them or did not. 'You can hold us good for the amount,' is the words used."

F. E. Harris, defendant, testifies that he made arrangements with Van Keuren to be located on a timber claim; if he filed on the land, he was to pay the sum of $300, and, if he did not file, it would cost him nothing; that at that time he was not acquainted with plaintiff, having never seen or communicated with him, or with any of the Purdys. "Mr. Van Keuren made the arrangements, and told us that we would meet him at The Dalles." They met Purdy at The Dalles, to whom they gave the note from Van Keuren, such note in substance stating to locate the Harris boys on a timber and stone claim, and he would stand good for it. After they were located, they went home and settled with Van Keuren for the location fees, for which fees nearly a year afterwards Purdy asked. Neither on this trip to the land, nor at any time subsequent to defendant's meeting him at The Dalles, did plaintiff say anything about either the location fee or the manner of payment.                    REVERSED.

For appellant there was a brief over the names of *Mr. Edwin McBee* and *Messrs. Cardwell & Watson,* with an oral argument by *Mr. James O. Watson.*

For respondent there was a brief over the names of *Messrs. Coshow & Rice,* with an oral argument by *Mr. Oliver P. Coshow.*

MR. JUSTICE BEAN delivered the opinion of the court.

1. Defendant contends that the trial court erred in excluding oral evidence as to the contents of a letter written by S. W. Purdy to J. H. Van Keuren in regard to locating defendant, concerning which the testimony

of Van Keuren in behalf of defendant was taken by deposition, as follows:

"State what those negotiations were, giving circumstances?

"A. I received a letter from S. W. Purdy from Oregon, stating—(Objected to by counsel for plaintiff).

"Q. Where is that letter?

"A. I haven't the letter.

"Q. Have you looked for the letter?

"A. I looked for it. It was on the desk, and the Purdys had access to the desk.

"Q. You were unable to find the letter?

"A. Yes, sir.

"Q. You may state its contents then?"

Plaintiff's counsel objected to oral testimony in this regard, for the reasons (1) that the letter was the best evidence, and proper foundation had not been laid for the admission of oral testimony relative thereto; and (2) that this letter from S. W. Purdy was from one not a party to the action, upon which latter point it would seem the court sustained the objection, as the statement of the witness that he had endeavored to find the letter and was unable to do so was unchallenged by any cross-examination. To this ruling defendant duly saved an exception. Witness' answer to the excluded question was:

"It stated that if Mr. Highbee and I had any friends in Idaho that wished locations there, if we stood good for them, we could send them down, and they would locate these parties, and the deal would practically be with us."

Further testifying that the writer of the letter was a brother of the plaintiff, J. T. Purdy. They were working together in the timber business, and he and his partner paid the location fees to Purdy. While S. W. Purdy was not a party to the action, the evidence strongly tends to show that he was an active participant in the trans-

action, and that it was, partly at least, on account of this letter that the several men came to Oregon and were located upon claims by plaintiff. It also appears that plaintiff had made no examination of the claims, but that his brother, S. W. Purdy, had. In our opinion a person cannot avail himself of the benefit of an arrangement made by another, either as his agent or as an interested party, and at the same time disavow the authority of the writer of the letter pertaining to the transaction. The latter part of the letter is material in tending to show with whom the deal was to be consummated. The negotiations having been between the Purdys on one side and Van Keuren and the locators on the other, the defendant was entitled to have all the circumstances connected therewith submitted to the jury for a determination as to what the agreement really was, and whether or not plaintiff was authorized to make payment to, or settlement with, Van Keuren or his firm.

2. After the evidence was submitted the court gave, among others, the following instruction, to which defendant's counsel duly saved an exception:

"As I have stated to you, there has been some evidence introduced which it is claimed tends to show than Van Keuren had a settlement with the plaintiff, and allowed him a credit in that settlement. Under the evidence, as it has been admitted in this case, I instruct you that there has been some testimony introduced for your consideration as to a settlement of this claim for $300, and I instruct you in this behalf that if you find the plaintiff and J. H. Van Keuren had such settlement, and that this claim against the defendant was credited to the plaintiff in such settlement with plaintiff's consent, then you must find for the defendant, even though a dispute arose between the parties as to the settlement subsequently, but, upon the other hand, if you should find from the evidence that the defendant did have a settlement or paid Van Keuren, but that the contract was as plaintiff alleged in his complaint, and unauthorized, then plaintiff would

be entitled to recover, notwithstanding that he did have some kind of a settlement with Van Keuren. This case depends upon the issues that are made here—that is, on the question of employment—and, if the plaintiff has maintained these issues by a preponderance of the evidence, then he is entitled to recover in this action, otherwise not."

In order to better understand this instruction, we carefully notice those previously given. In the one immediately preceding the court in referring to the evidence tending to show a settlement between Van Keuren and plaintiff said:

"That is introduced for the purpose of showing what the facts are in regard to the contract."

And further on:

"You will see that the question resolves itself under the issues as to what was the nature of the employment, if the plaintiff was employed. Was he employed by the defendant, or was he simply acting for Van Keuren, and if he was employed by the defendant and performed these services, and there was an agreed price, then the plaintiff is entitled to recover."

The defendant urges objection to the last part of the instruction set out in full:

"Upon the other hand, if you should find from the evidence that the defendant did have a settlement or paid Van Keuren, but that the contract was as plaintiff alleges in his complaint, and was unauthorized, then plaintiff would be entitled to recover, notwithstanding that he did have some kind of a settlement with Van Keuren."

The following sentence, "This case depends upon the issues that are made here—that is on the question of employment—" it is claimed tends to narrow the instruction, and practically takes from the jury the question of payment or settlement by plaintiff with Van Keuren in any event. Taking all the instructions together, it would seem they were to the effect that if the jury found that

the contract was made by defendant with plaintiff, and the services were performed at an agreed price, then the plaintiff was entitled to recover, notwithstanding defendant may have made a settlement with Van Keuren, and the latter had settled with and paid plaintiff for the services, or that he was authorized by plaintiff to receive payment.

3. Defendant requested the court to give the following instruction:

"If you find from the evidence that J. H. Van Keuren was acting under the authority of the plaintiff in securing the defendant for location, and made an agreement with the defendant for the fees, then I instruct you that a payment to Van Keuren was a payment to plaintiff, and you must find for the defendant."

While this instruction is not explicit, and does not clearly present the question as to whether Van Keuren was authorized to make settlement or receive payment, we think the substance thereof should have been given, and that the matter of settlement was not fully submitted to the jury. Plaintiff's counsel contends that the defendant was not entitled to any instruction with reference to the settlement with Van Keuren, for the reason that defendant had not pleaded payment to plaintiff. While the answer of defendant is general in its allegations, he does allege a payment to Van Keuren, and claims that Van Keuren was a principal in the making of the contract, and, in so far as the introduction of the testimony is concerned, the case seems to have been tried as though the question of settlement was properly in issue; the trial court appearing to have treated the answer as an allegation of payment. No objection was made by plaintiff to the introduction of testimony upon this ground, nor the question in any way raised, except by motion to strike out the evidence. If defendant paid or settled with Van Keuren for the amount involved in this case,

and Van Keuren settled therefor with, or paid the same to, plaintiff, then it would be immaterial whether Van Keuren was acting as principal or agent in making the agreement in the first instance. In other words, if plaintiff settled the fee in question with Van Keuren or Van Keuren & Highbee, he would thereby ratify the act of Van Keuren in making the agreement, and settling with, and receiving payment from, defendant.

4. Defendant also assigns error in the ruling of the court sustaining the objection of counsel for plaintiff to the question propounded to Herbert Harris, a witness in defendant's behalf:

"Did J. T. Purdy on that trip say anything to you about the payment of the location fee for your claim?"

This question suggests no material answer. No answer thereto or to the other questions not mentioned, to which objections were made and sustained, was tendered, and the record does not disclose what evidence the defendant intended to elicit from the witness. This court therefore cannot say that the rights of the defendant were in any way prejudiced by the exclusion of the evidence.

For the reasons indicated, the judgment of the lower court is reversed, and a new trial ordered.

REVERSED.